# C. A. LANE v. NORTHERN PACIFIC RAILWAY COMPANY and Another.[1]

November 1, 1912.

Nos. 17,625—(21).

**Question for jury—verdict not excessive.**
Plaintiff's intestate was killed on a dark night at a dangerous highway crossing by the defendant's railway train. Verdict for $3,750 for the plaintiff. Evidence considered, and *held* that the question of the intestate's contributory negligence was one of fact to be decided by the jury, and that the damages are not so excessive as to justify any interference with the verdict.

Action in the district court for Ramsey county against defendant company and Walter Smith by the special administrator of the estate of Daniel H. Smiley, deceased, to recover $7,500 for the death of his intestate. The replies denied that the collision was caused by the negligence of the intestate. The case was tried before Brill, J., and a jury which returned a verdict in favor of the special administrator for $3,750. From an order denying their motions for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*C. W. Bunn* and *George Hoke,* for appellants.
*Thomas C. Daggett,* for respondent.

START, C. J.
On June 7, 1911, about midnight, the plaintiff's intestate, while driving an automobile along a public highway over which the defendant's railway tracks crossed, was struck and killed by one of its passenger trains. This action was brought in the district court of the county of Ramsey to recover damages sustained by his next of kin by his death, on the ground that it was caused by the negligence of the defendant in driving its train on and over the highway crossing at an excessive rate of speed without giving any signal or warning

[1] Reported in 137 N. W. 1114.

of its approach. The answer denied the alleged negligence of the defendant, and alleged that the death of the intestate was caused by his own negligence. The plaintiff had a verdict for $3,750, and the defendant appealed from an order denying its alternative motion for judgment or for a new trial.

The evidence was concededly sufficient to take the case to the jury on the question of the defendant's negligence, and the record presents only two questions for our consideration.

1. The first is this: Does the evidence conclusively establish that the intestate. was guilty of contributory negligence? There was evidence tending to establish the evidentiary facts following:

The locus in quo was, under favorable conditions, an exceptionally dangerous highway and railway crossing for the reason, among others, that near it, and about one hundred feet west of it, was a junction of two of defendant's railway lines or tracks, one from St. Paul and the other from Minneapolis, to White Bear. The highway leading from St. Paul to White Bear approaches the railway crossing between the defendant's lines or tracks, and a point approximately within one hundred feet therefrom makes a turn and crosses the railway track at about right angles. It is difficult, by reason of trees and underbrush, for one traveling in the highway from St. Paul to see an approaching train until it is within a few feet of the highway crossing. .

At the time of the accident, a freight train pulled in on the Minneapolis track, signalled for the crossing and came to a stop as the passenger train was nearing the highway crossing, at a dangerous rate of speed, without ringing the bell or blowing the whistle. It was a dark and cloudy night. The intestate was by occupation a driver of automobiles for hire. His eyesight and hearing were normal. He drove the automobile with passengers therein on the evening of the accident along the highway and over the railway crossing to White Bear and then returned to St. Paul. When the collision occurred he was going to White Bear for his passengers.

Other than this there was no evidence that would justify a find-

ing that he was familiar with the locus in quo. No one saw the intestate or the automobile before the collision except the fireman of the passenger train, who testified that he first saw the automobile about six hundred feet from the crossing; that it appeared to be going nearly but not quite as fast as the train, thirty to thirty-five miles an hour, and that apparently it did not slack up much, if at all. The accuracy of the observation and opinion of the fireman and the inferences to be drawn from his testimony were questions for the jury, and it must be considered in connection with the evidentiary facts we have indicated.

Upon a consideration of the whole evidence we are of the opinion, and so hold, that fair-minded men might well draw different conclusions therefrom as to the alleged contributory negligence of the intestate, and that the question was one of fact to be decided by the jury, and not by the trial judge, and, further, that it was properly submitted to the jury.

2. The defendant further claims that the damages awarded are excessive. The intestate left two children, a boy and a girl, six and eight years old, living with their mother, his divorced wife. There was evidence tending to show that he was fond of his children, visited them, recognized his duty to them, and contributed to their support to some extent. He was thirty-three years old at the time of his death, and was earning $75 per month. We regard the award of damages as liberal, but not so excessive as to justify any interference with it by this court.

Order affirmed.